IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        Plaintiff,

v.    Case No. 05-2287-KHV-DJW

KATHIE M. BROWN,

        Defendant.

## JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE

Comes on for hearing the Plaintiff's Complaint (Doc. 1) and Motion for Default Judgment (Doc. 10) against defendant, Kathie M. Brown. The United States appears by and through its counsel Eric F. Melgren, United States Attorney for the District of Kansas, and Christopher Allman, Assistant United States Attorney for said district. There are no other appearances.

The Court, upon examining its files and pleadings herein, finds as follows:

1.    The Complaint in this action was filed on July 8, 2005 (Doc. 1). The Court has subject matter jurisdiction of this matter and personal jurisdiction over the parties named in this action. Venue is proper in this Court.

2.    The defendant, Kathie M. Brown, was served with a copy of the complaint and summons by a Deputy of the Office of the United States Marshal on September 23, 2005 (Doc. 2). Said service of summons is hereby approved by the Court.

3.    Defendant, Kathie M. Brown, failed to appear, plead, or otherwise defend herein within the time allowed, and default was entered by the Clerk of the Court against defendant, Kathie M. Brown, on July 3, 2006 (Doc. 9).

4. Plaintiff has no information to indicate that the defendant, Kathie M. Brown, is an infant, or incompetent person or in the military service of the United States within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended. See Affidavit in Support of Motion for Default Judgment (Doc. 10).

5. Defendant, Kathie M. Brown, is wholly in default and the United States is entitled to have default judgment entered in its favor against her.

6. On or about August 13, 1996, the defendant, Kathie M. Brown, executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby she promised to pay the Plaintiff the principal amount of $25,000.00 together with interest thereon at the rate of 7.25 percent per annum on the unpaid balance. As consideration for the note, the Plaintiff made a Rural Housing loan to the Defendant pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

7. At the same time and place and as part of the same transaction, to secure the payment of the promissory note, the defendant, Kathie M. Brown, executed and delivered to the Plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Rice County, Kansas, within the jurisdiction of this Court, to-wit:

> Commencing Seventy (70) feet South of the Northeast corner of Block Ten (10) in the City of Sterling, Rice County, Kansas, and running thence South Seventy (70) feet; thence West One Hundred Seventy-six (176) feet; thence North Seventy (70) feet; thence East One Hundred Seventy-six (176) feet to the place of beginning.

8. This mortgage was recorded in the office of the Register of Deeds of Rice County, Kansas, on August 13, 1996, in Book 229 at Page 959.

9. Plaintiff is the owner and holder of the promissory note and real estate mortgage.

10. The Defendant has failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the promissory note and real estate mortgage. The Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

11. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162, the real estate mortgage also secured the recapture of interest credit or subsidy granted to the Defendant. The total amount of interest credit or subsidy subject to recapture is $6,533.55.

12. The defendant, Kathie M. Brown, now owes Plaintiff, under the provisions of the promissory note and real estate mortgage, a balance of $27,281.02 principal; together with accrued interest on principal in the amount of $3,130.25, as of March 31, 2005, plus interest accruing thereafter at the daily rate of $5.4189 on prinicpal; plus $6,533.55 interest credit or subsidy subject to recapture.

13. The Defendant's personal liability on the note and mortgage has been discharged in bankruptcy, therefore any judgment shall be an in rem judgment.

14. No other action has been brought for recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

15. The Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

16. Defendant has refused to make payment of the amounts due and is wholly in default under the terms of the promissory note and real estate mortgage, and the mortgage is subject to foreclosure. Plaintiff is, therefore, entitled to the foreclosure of its mortgage and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

17. Less than one-third (1/3) of the original indebtedness secured by the mortgage was paid prior to default.

18. The security real estate has been abandoned by the Defendant.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this Court are hereby made the order of this Court.

IT IS FURTHER ORDERED that the United States is granted an in rem default judgment against defendant, Kathie M. Brown, in the sum of $27,281.02 principal; together with accrued interest on principal in the amount of $3,130.25 as of March 31, 2005; plus interest accruing thereafter at the daily rate of $5.4189 on principal; plus $6,533.55 interest credit or subsidy subject to recapture; plus post-judgment interest at the legal rate set forth in 28 U.S.C. § 1961, which is 5.27%; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2); plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the subject real property.

IT IS FURTHER ORDERED that if the amount owing Plaintiff is not paid within ten (10) days from this date, an order of Sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell the described land and real estate

4

at public sale at the front door of the Rice County Courthouse, Lyons, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of the sale by this Court.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale.

IT IS FURTHER ORDERED that out of the proceeds arising from the sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on Plaintiff's in rem judgment against the defendant, Kathie M. Brown;

(4) Plaintiff's in rem judgment against the defendant, Kathie M. Brown, which is also found to be a lien upon the subject real estate; and,

(5) The balance thereof, if any, be brought into the Court to await its further order.

IT IS FURTHER ORDERED that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§2001-2003, inclusive, subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414, unless any rights of redemption are extinguished by the Court or are otherwise waived by the Defendant. The sale shall be subject to any unpaid real property taxes or special assessments.

IT IS FURTHER ORDERED that upon confirmation of the sale by this Court, the United States Marshal for the District of Kansas shall issue a Certificate of Purchase to the purchaser, unless the

redemption period of the Defendant is extinguished by the Court or is otherwise waived by the Defendant; in which event the United States Marshal shall issue a Sheriff's Deed to the purchaser. If the Defendant's rights of redemption are not extinguished by the Court or otherwise waived by the Defendant, then upon expiration of the three month redemption period without redemption of the property, the Marshal shall issue a deed conveying the real estate upon presentation of the Certificate of Purchase. This deed shall convey the real estate to the holder of the Certificate of Purchase, and the Defendant herein, and all persons claiming by through or under her shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against said real estate or any part or portion thereof.

IT IS FURTHER ORDERED that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this Court upon the filing of a proper Motion therefore and without further order of the Court to place the purchaser of the real estate in peaceable possession thereof.

Dated this <u>13th</u> day July, 2006.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

Approved by,

ERIC F. MELGREN
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S.Ct. No. 14225
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: chris.allman@usdoj.gov
ELECTRONICALLY SUBMITTED
      Attorneys for Plaintiff